CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 7 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KAREN L. OLLIE, )
)                    Civil Action No. 7:14CV00582
    Plaintiff, )
)
v. )                    **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )          By:   Hon. Glen E. Conrad
)                           Chief United States District Judge
    Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claim for a period of disability and disability insurance benefits under

the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is

pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a

determination as to whether there is substantial evidence to support the Commissioner's

conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act.

If such substantial evidence exists, the final decision of the Commissioner must be affirmed.

Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been

defined as such relevant evidence, considering the record as a whole, as might be found adequate

to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Karen L. Ollie, was born on October 5, 1953, and eventually completed her

high school education. Ms. Ollie also attended college for two years. Plaintiff has worked as a

receptionist, pharmacy clerk, customer service representative, and warehouse clerk. Ms. Ollie

last worked on a regular and sustained basis in 2009, though she was still working as a

receptionist on a part-time basis at the time of the administrative hearing on June 24, 2013. (TR

30). On January 25, 2011, Ms. Ollie filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on January 14, 2010, due to sleep apnea, seizures, high blood pressure, and fluid retention in her legs and body. Ms. Ollie now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Ms. Ollie's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 19, 2013, the Law Judge also determined that Ms. Ollie is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including degenerative disc disease; degenerative joint disease of the knees, ankles, hands, and feet; sleep apnea; seizure activity in remission with medication; hypertension; obesity; chronic obstructive pulmonary disease; and psoriasis. Despite such physical problems, the Law Judge ruled that Ms. Ollie retains sufficient residual functional capacity for a limited range of sedentary work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.4567(b) except the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could sit 6 hours in an 8-hour workday and stand/walk 4 hours in an 8-hour workday. She could occasionally use bilateral foot controls and occasionally balance, stoop, and kneel. She could never crawl or climb ladders, ropes, or scaffolds. She should not be exposed to extreme cold, heat, humidity, or wetness. She could occasionally be exposed to heights and equipment.

(TR 16). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law

2

Judge determined that Ms. Ollie retains sufficient functional capacity to return to her past relevant work roles as a customer service representative and receptionist. Relying on the testimony of the vocational expert, the Law Judge also found that plaintiff retains sufficient functional capacity to engage in several other sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge concluded that Ms. Ollie is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See generally, 20 C.F.R. § 404.1520(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Ollie has now appealed to this court.

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Ollie suffers from a variety of physical problems, including mild to moderate sleep apnea, leg edema, degenerative disease process in her back and joints, and moderate chronic obstructive pulmonary disease. Her problems are seemingly associated with, and magnified by, obesity. Plaintiff also has a history of seizure disorder, hypertension, and diabetes mellitus Type 2, though these conditions appear to be subject to reasonable medical control through medication. For the most part, Ms. Ollie has received conservative treatment for her physical discomfort. Based on the clinical notes of the physicians who have treated plaintiff's musculoskeletal problems, the court believes that the Law Judge reasonably concluded that Ms. Ollie is limited to the performance of sedentary activities. Moreover, the court finds that the Administrative Law Judge reasonably relied on a consultative report from Dr. William H. Humphries, Jr., in concluding that plaintiff retains sufficient functional capacity to return to several of her past work roles. While the Administrative Law

3

Judge ultimately found that Ms. Ollie experiences somewhat greater restrictions than those listed by Dr. Humphries, the vocational expert clearly testified that the physical limitations identified by the Administrative Law Judge would not prevent performance of a variety of sedentary work roles, including certain of those which plaintiff previously performed. As for the remaining medical evidence, the court notes that no treating medical source has suggested that Ms. Ollie is totally disabled, or that she is unable to perform work as a receptionist or customer service representative. Considering all the evidence in this case, the court believes that the Administrative Law Judge reasonably determined that plaintiff is not disabled within the meaning of the Act. Accordingly, the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff argues that the Administrative Law Judge failed to properly account for her severe obesity. However, in determining that Ms. Ollie's physical limitations do not prevent performance of lighter work activities, Dr. Humphries obviously took plaintiff's obesity into account. Moreover, the record reveals that plaintiff has worked for many years despite her obesity. The court agrees with the Commissioner's conclusion that the medical record in this case, including the clinical notes from plaintiff's treating medical sources, simply does not support the proposition that Ms. Ollie's obesity is so severe, considered singly or in combination with her other impairments, as to render her disabled for sedentary forms of work.

Ms. Ollie also asserts that the Administrative Law Judge understated the effect of sleep apnea. Plaintiff notes that she becomes sleepy at work, and that the condition affects her ability to concentrate. However, while plaintiff clearly suffers from a sleep disorder, Ms. Ollie has undergone a number of sleep studies, which indicate that her condition is no more than mild in overall impact. Her doctors have prescribed treatment regimens to address her problems. While

4

Ms. Ollie may believe that these treatment measures have not been totally successful, the court again notes that no physician or specialist has suggested that plaintiff is totally disabled, despite conduct of a number of diagnostic sleep studies.

Finally, plaintiff contends that the Administrative Law Judge failed to properly consider and credit plaintiff's testimony at the administrative hearing. As previously noted, Ms. Ollie testified that her sleep disorder causes work-related problems. She also described significant levels of pain in her lower back, legs, and right foot. As part of his testimony, the vocational expert noted that sleeping on the job is not tolerated. However, the court believes that much of plaintiff's testimony is simply not consistent with plaintiff's medical record and her own work history. As for plaintiff's physical discomfort, it is well settled that, in order for pain to be deemed disabling, there must be objective medical evidence establishing the existence of some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, as outlined above, the court believes that the objective evidence does not document the existence of any medical condition which could be expected to prevent performance of sedentary levels of work activity. Indeed, the medical consultant, Dr. Humphries, produced physical findings which clearly support a finding of residual functional capacity for lighter forms of work. Once again, no medical provider has suggested that Ms. Ollie is totally disabled, or that her physical problems could be expected to result in disabling symptomatology. In short, the court finds substantial evidence to support the Law Judge's resolution of the credibility issues in Ms. Ollie's case.

5

In affirming the Commissioner's final decision, the court does not suggest that plaintiff is free of all pain in her back, legs, and feet. Moreover, it is clear that plaintiff has a history of other medical problems as well, including sleep apnea, COPD, diabetes, seizure disorder, and hypertension, which are troublesome, both in terms of their manifestations and the treatment necessary to control their symptoms. However, the fact remains that no medical provider has suggested that Ms. Ollie is totally disabled. Indeed, the reports in this case support the proposition that plaintiff's problems are subject to reasonable medical control through conservative treatment measures. It is well settled that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra.at 594-95. As previously noted, the court believes that the Commissioner considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This __17th__ day of July, 2015.

_Jon Carroe_
Chief United States District Judge